## UNITED STATES v. ROOTH.

### No. 165, Docket 20463.

Circuit Court of Appeals, Second Circuit.
Jan. 28, 1947.

Charles J. McDonough and McDonough & Boasberg, all of Buffalo, N. Y., for defendant-appellant.

Robert M. Hitchcock, of Washington, D., C., George L. Grobe, U. S. Atty., of Buffalo, N. Y., for appellee.

Before L. HAND, SWAN and CLARK, Circuit Judges.

PER CURIAM.

The appellant raises five objections to his conviction: (1) That the indictment does not show the jurisdiction of the court, or charge a crime; (2) That the crime charged was not proved; (3) That six exhibits admitted against him were irrelevant; (4) That the scope of his cross-examination was improperly extended; (5) That the judge misdirected the jury. We take these up in their order.

First, the indictment alleged that Rooth "caused to be furnished to Local Board No. 595 in the City of Buffalo, New York, certain false information relative to his employment in that he caused the Swan Marine Company * * * to file with Selective Service Board No. 595 Form 42-A certifying that he was employed in essential industry * * * whereas in truth and in

fact the said defendant * * * was not employed * * * in any essential industry." The statute then in force[1] made it a crime for anyone "Charged * * * with the duty of carrying out any of the provisions of this Act, or the rules or regulations made * * * thereunder" knowingly to "make, or be a party to the making of, any false statement or certificate as to the * * * nonliability of himself * * * for service." The indictment matches with this language completely except that it did not allege that Rooth was "Charged * * * with the duty of carrying out any of the provisions" of the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 301 et seq. Section three of that act subjected to the draft all male citizens within the United States between 21 and 36; and the indictment did not allege that Rooth was a citizen between those ages. In earlier times this might have been fatal, but it is not so today; indeed, the Fourth Circuit has ruled upon the precise question[2] in language which we adopt as our own. This was also the ruling of the Ninth Circuit en banc upon the rehearing in Hopper v. United States.[3]

■ The second objection also is not good. The evidence justified the jury in finding that Rooth assisted his supposititious employer, the Swan Company, to prepare a certificate that he was employed by that company in an essential industry; and in further finding that, when he did so, he had no intention of working for that employer at all. The certificate may not have been false, qua the Swan Company, but it was false, qua Rooth, if at the time he intended not to work for the company, and in that event the Swan Company was his instrument or tool.

■ The exhibits objected to were all relevant to prove that Rooth knew that he was subject to the draft, and the statute makes criminal only a knowing failure to perform a statutory duty. Besides, they were entirely innocuous, even if they had not been relevant. The fact that they were introduced before Rooth admitted their authenticity is not relevant, for the order of proof is not important except in such rare cases as United States v. Modern Reed & Rattan Co., Inc.,[4] the situation in which has no resemblance to that at bar.

■ The fourth objection implies that Rooth's intent when he took part in the preparation of the certificate was irrelevant. Its mere statement furnishes its answer.

■ The fifth objection is that the judge told the jury that "it was also the duty of the defendant to notify the Board," in addition to telling them that it was the duty of the Swan Company to file the certificate. It is true that the indictment was not for failing to notify the board; so that, if one breaks the judge's remark from its context, it was not apposite to the crime, even though it be true as an abstract proposition. However, in his colloquial charge he had already several times told the jury that to convict Rooth they must find that he meant to deceive the Board by means of the certificate, and afterwards, and indeed as the very last words which he spoke to the jury, once more, at Rooth's request, he repeated what he had said originally. We do not forget the admonition that we must not lightly disregard errors in a charge;[5] but it would be a perversion to read this as meaning that every syllable which emerges from a judge's mouth is as momentous as the utterances of the Delphic Oracle. It is enough if the proper outlines be clear and sharp, and that they be not later blurred by diverting comment.

Conviction affirmed.

[1] § 11, Chapter 720, 3d Sess., 76th Congress, 50 U.S.C.A.Appendix, § 311.
[2] Denny v. United States, 4 Cir., 151 F. 2d 828, 830.
[3] 9 Cir., 142 F.2d 181, 182.
[4] 2 Cir., 159 F.2d 656.
[5] Bollenbach v. United States, 326 U. S. 607, 66 S.Ct. 402; Estep v. United States, 327 U.S. 114, 145, 66 S.Ct. 423.